David K. W. Wilson, Jr.
REYNOLDS, MOTL AND SHERWOOD, P.L.L.P.
401 North Last Chance Gulch
Helena, MT  59601
(406) 442-3261
kwilson@rmslaw.net
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| CONNIE LEE LE VASSEUR, <br><br> Plaintiff, <br><br> vs. <br><br> CREDITORS INTERCHANGE RECEIVABLE MANAGEMENT, LLC, <br><br> Defendant. | Case No: CV-08-42-BU-SEH <br><br><br> **COMPLAINT** |

## I.   INTRODUCTION

This is an action by a consumer seeking actual, statutory and punitive damages, and attorney fees, under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, the Montana Consumer Protection Act, and under other Montana law.

## II.   PARTIES

1.     Connie Lee Le Vasseur is a resident of Butte, Montana.

2.     Defendant Creditors Interchange Receivable Management, LLC (Creditors Interchange), is, on information and belief, a New York corporation. It is licensed to do business

in Montana. Creditors Interchange is a "debt collector" as defined by the Fair Debt Collection Practices Act in 15 U.S.C. § 1692a (6).

### III. JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d), 28 U.S.C. §1337, and 28 U.S.C. §1331. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §2201 and §2202.

4. Plaintiff Le Vasseur is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

5 Defendant Creditors Interchange was attempting to collect from Ms. Le Vasseur a "debt" as defined by FDCPA, 15 U.S.C. §1692a(5).

6. The individual debt Creditor Interchange was attempting to collect from Ms. Le Vasseur was an obligation or alleged obligation to pay money arising out of a transaction primarily for personal, family, or household purposes.

7. Creditor Interchange used interstate commerce and/or the mail for the collection of debts.

8. The principle purpose of Creditors Interchange's business is the collection of debts.

9. Creditors Interchange regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another (*see, e.g.* http://www.creditorsinterchange.com/creditors_home/index.htm*)*, and is therefore a "debt collector" as defined by FDCPA, 15 U.S.C §1692a(6).

10. Venue is proper in this District under 28 U.S.C. §1391(b) because Creditors Interchange conducts affairs and transacts business in this District, a significant portion of the

unlawful acts giving rise to this Complaint occurred in this District, and Ms. Le Vasseur resides within the territorial jurisdiction of the court.

## IV.  FACTS

11. At some point in 2007, Ms. Le Vasseur's daughter, Connie M. Le Vasseur, who was living with Ms. Le Vasseur at the time, responded to a credit card solicitation from Chase Manhattan Bank and opened a credit card account with Chase.

12. Chase, believing that the card was opened by Ms. Le Vasseur, began collecting the debt from her. Ms. Le Vasseur did not authorize either Chase or her daughter to use her social security number or otherwise open the account in her name. Ms. Le Vasseur did not incur any charges on the card or receive any benefit from the card.

13. At some point in 2008, Chase turned over the collection of the account to Creditors Interchange.

14. On or about March 12, 2008, a Creditors Interchange employee, Ron Skierczy, called Ms. Le Vasseur at work. Mr. Skierczy was abusive and threatening. He told Ms. Le Vasseur that if she did not have the money to him by 11:00 a.m. the next morning, he would "file charges" against Ms. Le Vasseur's daughter for identity theft, that the daughter would be arrested and that both the mother and the daughter would lose their jobs. He used profane language and threatened that she would lose her home. He also informed her that he knew exactly how much money she had in her bank account, and accurately told her what that amount was. Ms. Le Vasseur disputed that she owed the debt.

15. Ms. Le Vasseur told Mr. Skierczy not to call her at work again, but he continued to do so, and made harassing phone calls to her at her home as well.

16. Ms. Le Vasseur was so upset by the calls that she could not sleep and missed several days of work. Ms. Le Vasseur has been damaged by Creditors Exchange's actions and has had to hire an attorney.

## V. COUNT ONE – FAIR DEBT COLLECTION PRACTICES ACT

17. The preceding paragraphs are realleged as though set forth in full hereunder.

18. Creditors Interchange is a collection agency as defined in the Fair Debt Collection Practices Act.

19. Creditors Interchange violated the FDCPA, 5 U.S.C. § 1692e & f, in attempting to collect a debt from Ms. Le Vasseur that she did not owe, and in failing to respond to her dispute of that debt.

20. Creditors Interchange violated the FDCPA, 15 U.S.C. § 1692d (4) and (5) by representing that nonpayment of the debt would result in the arrest and imprisonment of Ms. Le Vasseur's daughter.

21. Creditors Interchange violated the FDCPA, 15 U.S.C. § 1692d (2) by using obscene and profane language in attempting to collect the debt.

22. Because of the Defendants' violations of the FDCPA, Ms. Le Vasseur is entitled to her actual damages, statutory damages, and attorney fees under 15 U.S.C. § 1692k.

## VI. COUNT TWO – MONTANA CONSUMER PROTECTION ACT

23. The preceding paragraphs are realleged as though set forth in full hereunder.

24. The Montana Consumer Protection Act prohibits unfair and deceptive acts or practices in trade or business.

25. As set forth herein, Creditors Interchange's unfair and deceptive acts or practices include, but are not limited to:

a. attempting to collect a debt from Ms. Le Vasseur that she did not owe;

b. making harassing and obnoxious telephone calls in an attempt to collect a debt from Ms. Le Vasseur; and

c. threatening Ms. Le Vasseur that her daughter would be arrested and imprisoned and that Ms. Le Vasseur would lose her job unless she paid the debt.

26. The violations of the FDCPA set forth above constitute *per se* violations of the Montana Consumer Protection Act.

27. Ms. Le Vasseur is entitled to actual damages, three times actual damages, and attorney fees under § 30-14-133, MCA.

## PRAYER FOR RELIEF

Ms. Le Vasseur prays for the following relief:

1. Actual damages;

2. Statutory damages, including treble damages;

3. Attorney fees; and

4. Such other relief as the court deems just and proper.

## JURY DEMAND

Ms. Le Vasseur hereby demands a trial by jury of the issues triable by right by jury.

DATED this 11 day of July, 2008.

REYNOLDS, MOTL AND SHERWOOD, P.L.L.P.

BY: _____
David K. W. Wilson, Jr.
*Attorney for Plaintiff*

5

## VERIFICATION

STATE OF MONTANA      )
                      :ss.
County of Silver Bow  )

    Connie Lee Le Vasseur, being first duly sworn, deposes and says:

    That she is the Plaintiff in the foregoing; that she has read and knows the contents thereof; and that the facts and matters contained therein are true, accurate, and complete to the best of her knowledge and belief.

                                      Connie Lee Le Vasseur

    On this 27 day of June, 2008, before me, a notary public, personally appeared Connie Lee Le Vasseur, known to me to be the person whose name is subscribed to the within instrument, and acknowledged to me that she executed the same.

                                      Notary Public for the State of Montana
                                      Residing at: Anaconda
                                      My commission expires: 3-20-2012